IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-23061-KMM

YORLENE MENDEZ,

    Plaintiff,

vs.

TACA INTERNATIONAL AIRLINES, S.A.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant TACA International Airlines, S.A.'s Motion for Summary Judgment (ECF No. 20). Plaintiff filed a Response (ECF No. 22) and Defendant filed a Reply (ECF No. 23). The Motion is now ripe for review. Upon consideration of the Motion, the pertinent portions of the Record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND[1]

This is a personal injury action governed by the Convention for the Unification of Certain Rules for International Carriage by Air, art. 55, May 28, 1999, S. Treaty Doc. No. 106–45, 2242 U.N.T.S. 350 (the "Montreal Convention"). Defendant TACA International Airlines, S.A ("TACA") is an international airline that services Central and South America. Plaintiff Yorlene Mendez is a permanent resident of the United States who moved from Nicaragua in 1991.

---

[1] The facts herein are taken from Plaintiff's Complaint (ECF No. 1); Defendant's Motion for Summary Judgment; Plaintiff's Response to Defendant's Motion for Summary Judgment; and Defendant's Reply. All facts are construed in the light most favorable to Plaintiff as the non-movant.

1

On November 8, 2010, Mendez was traveling from Managua, Nicaragua, to Miami, Florida, as a passenger onboard TACA Airlines Flight TA360. Mendez's reservation indicates that she was assigned to seat 21D—an aisle seat located on the right side of the plane. During the flight, Mendez was awoken by a blow to her elbow. She then looked to see what caused the impact to her elbow but "all [she] could see was the stewardess that was passing by with the carts." Mendez Dep., at 98 (ECF No. 22-1). Embarrassed because she was "tearing," Mendez did not say anything to the flight attendant. Mendez, however, subsequently filed a complaint with TACA through TACA's website (the "Web Complaint"). In the Web Complaint, Mendez informed TACA that she "was [seated in aisle] seat 21d" when a flight attendant hit her "with the cart on [her] *left* side of [her] elbow." Web Compl., at 1 (ECF No. 21-1) (emphasis added).[2] On November 17, 2010, TACA issued a letter to Mendez apologizing for any "inconvenience" and "discomfort" she had experienced. Several weeks later Mendez alleges a representative from TACA contacted her, informed her that a flight attendant had admitted to hitting her with a beverage cart, and offered her "three tickets . . . in recognition of what happened." Mendez Dep., at 111. Mendez claims that she turned down the offer.

The day after her flight from Nicaragua, Mendez visited a Chiropractic Center and complained of severe elbow pain in her *right* elbow. One day after her visit to the Chiropractic Center, Mendez visited her primary care physician but did not report any elbow pain to her physician. On November 23, 2010, Mendez visited an orthopedist and complained of *bilateral*

---

[2] In Mendez's deposition, however, Mendez claimed that she was sitting across the aisle in seat 21C with her right elbow closest to the central aisle of the cabin. Mendez Dep., at 99. When asked about the discrepancy between her reservation, her web complaint, and her deposition testimony, Mendez claimed that her daughter filled out the web complaint and Mendez "confused the right with the left of the aisle." Id. at 101.

2

elbow pain. On June 8, 2011, Mendez underwent surgery to treat Lateral Epicondylitis (i.e. tennis elbow) in her *right* elbow. On August 25, 2011, Mendez filed the instant action.

## II. LEGAL STANDARD

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Moreover, "A party must support its assertion that there is no genuine issue of material fact by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials.'" Ritchey v. S. Nuclear Operating Co., No. 10-11962, 2011 WL 1490358, at *1 (11th Cir. Apr. 20, 2011) (quoting Fed. R. Civ. P. 56(c)(1)). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## III. ANALYSIS

The Montreal Convention governs the liability of airline carriers for personal injuries to passengers in international air transportation. Article 17 of the Convention provides that carriers

3

are only liable for injuries to passengers "upon condition only that the *accident* which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention, S. Treaty Doc. No. 106-45, 1999 WL 33292734, Art. 17(1) (emphasis added). The U.S. Supreme Court has held that an accident arises under Article 17 "only if a passenger's injury is caused by an unexpected or unusual event or happening that is external to the passenger," however, "when the injury indisputably results from the passenger's own internal reaction to the usual, normal, and expected operation of the aircraft, it has not been caused by an accident, and Article 17 . . . cannot apply." Air France v. Saks, 470 U.S. 392, 405 (1985).[3]

Here, it is unnecessary to determine whether the alleged incident constitutes an "accident" within the meaning of the Montreal Convention because Plaintiff has failed to establish any causal link between her injury and her experience as a passenger onboard TACA Airlines Flight TA360. Plaintiff did not observe anyone striking her elbow. Mendez Dep., at 98. Moreover, Plaintiff's alleged injury to her *right* elbow is inconsistent with the seat assignment contained in her reservation, and the Web Complaint she filed with TACA one week after her flight.

The evidence Mendez proffers to support her account of the alleged incident is insufficient to defeat TACA's Motion for Summary Judgment. Mendez claims that a TACA representative contacted her, admitted liability, and offered her "three tickets . . . in recognition of what happened." Mendez Dep., at 111. Mendez's testimony constitutes inadmissible hearsay and is unsupported by any other portion of the Record. See Pritchard v. S. Co. Serv., 92 F.3d

---

[3] "Because the Montreal Convention only recently came into force, it is appropriate to rely on cases interpreting the Warsaw convention where the equivalent provision of the Montreal Convention is substantively the same." Ugaz v. Am. Airlines, Inc., 576 F. Supp. 2d 1354, 1360 (citing Paradis v. Ghana Airways Ltd., 348 F. Supp. 2d 106, 111 (S.D.N.Y. 2004)).

1130, 1135 (11th Cir. 1996) (holding that the non-movant could not use inadmissible hearsay to defeat summary judgment when that hearsay could not be reduced to an admissible form at trial). Mendez further claims that the apology letter she received from TACA establishes a causal connection to her injury. The carefully worded form letter, however, does not admit liability, and far from "acknowledging the incident" as Mendez claims, Pl.'s Resp., at 3, the letter merely acknowledges Mendez's belief that an incident took place. Finally, to support the injury to her right elbow, Mendez claims in her deposition that she was seated on the left side of the plane. Mendez's testimony is self-serving, unsubstantiated, and contradicted by the uncontroverted flight reservation and her own prior testimony. Mendez's "scintilla of evidence" in support of her position is therefore insufficient to defeat TACA's Motion for Summary Judgment.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant TACA International Airlines, S.A.'s Motion for Summary Judgment (ECF No. 20) is GRANTED.

All claims against Defendant TACA International Airlines, S.A. are DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of April, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record